■ GEORGE L. MIDDLEBROOK, Appellant, v. THOMAS AULETTA, Defendant, and ANTHONY AULETTA, Respondent.— Plaintiff appeals from a judgment dismissing his complaint at the end of plaintiff's case. The judgment so appealed from is affirmed, with costs to the respondent. This was an action for damages for personal injuries. The accident occurred September 17, 1961, at or about the hour of 4:30 A.M., while plaintiff was a guest in the defendant-respondent's car. It was claimed that the defendant failed to operate the vehicle with care and caution, carelessly failed to have control of his vehicle, and negligently and carelessly lost control of his vehicle, causing it to leave the travel portion of the roadway and run into a tree, as a result of which the plaintiff was injured. At the trial of the case plaintiff testified that the defendant had been driving carefully, that he had no reason to complain and that immediately prior to the accident, and while they were about 100 feet distant, the plaintiff saw a dog in the roadway. The dog was in line with the front wheel of defendant's car. He then testified "I told Tony to slow down. The dog is up ahead. We weren't in the expressway", and that when the car was about 20 feet distant the dog ran away. He testified further that when the defendant Tony was about 20 feet

distant he cut the wheel and the car started to slide. In response to a question as to what was the purpose in cutting the wheel if the dog had left the road, he answered "I don't know, he just cut the wheel." He expressed his opinion that defendant driver lost control because there was a dog in the road. He testified also that up to the time of the swerve the driver had had the car in complete control and had been riding entirely on the solid paved road and had also been driving carefully. The facts do not establish a case of *res ipsa loquitur*. Nor is the evidence sufficient to create an inference of negligence on the part of the defendant. "Where an emergency is not created by the defendant's own acts, he is not obliged to exercise the best judgment." (*Rowlands* v. *Parks*, 2 N Y 2d 64, 67; *Allenson* v. *Furman*, 16 A D 2d 629; *Kokofsky* v. *City of New York*, 297 N. Y. 553.) Concur — Breitel, J. P., Rabin and Stevens, JJ.; McNally and Witmer, JJ., dissent in a dissenting memorandum by McNally, J.: I dissent and vote to reverse the judgment dismissing the complaint at the close of plaintiff's case and order a new trial. In my opinion the record presents a jury question as to defendant's negligence in the operation of his motor vehicle. On September 27, 1961 plaintiff was a guest in defendant's motor vehicle proceeding on Utopia Boulevard, Borough of Queens, New York City. Plaintiff warned defendant of the presence of a dog ahead to the right of the moving vehicle and suggested to defendant that he slow down. Defendant thereafter proceeded unabated until 20 feet from the dog when for the first time he applied his brakes. The car spun around two or three times, its rear struck a tree throwing defendant out and thereafter proceeded down the block finally hitting a lamppost at which point plaintiff was ejected, 250 feet from the point where the dog was first observed. Defendant's failure to slow down his vehicle immediately after plaintiff's warning, thereby necessitating sharp and violent braking, presented a jury question on the issue of affirmative negligence. Since the case was dismissed at the close of plaintiff's proof, plaintiff was entitled to every favorable inference to be drawn from the facts proved. The jury was entitled to consider on the issue of negligence the fact that the vehicle came to rest after striking a tree 250 feet from where the dog was first observed by plaintiff. Plaintiff's characterization of defendant's operation as careful could have been found by the jury to relate to defendant's operation prior to plaintiff's observation of the dog. *Rowlands* v. *Parks* (2 N Y 2d 64) presents an emergency created by a falling tree, one of many on both sides of the street, located 30 feet off the roadway. The court aptly said (p. 67): "a driver of a car concentrating on the roadway in front of his car could not reasonable be expected to anticipate a risk from a tree located at least 30 feet off the roadway." Here, the dog was observable by one concentrating on the roadway and the operator was warned of its presence and did not apply the brakes until he had proceeded 80 feet and was 20 feet away from the dog. In *Kokofsky* v. *City of New York* (297 N. Y. 553) and *Allenson* v. *Furman* (16 A D 2d 629) defendants responded to emergencies without delay. In the instant case, there was failure to observe and, in addition, failure to immediately respond to the warning.